UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID COOK | ) | |
|      Plaintiff | ) | CIVIL ACTION NO. |
|   v. | ) | |
| | ) | |
| CITY OF KENNER, KENNER POLICE | ) | DIVISION: |
| DEPARTMENT, IMMANUEL COHEN, | ) | |
| KENNER CITY ATTORNEY'S OFFICE, | ) | SECTION "    " (   ) |
| CHRISTOPHER WEDDLE, ARTHUR | ) | |
| DUPRE, JR., and | ) | |
| MAGISTRATE JUDGE BRUCE LIZANA | ) | |
|      Defendants | ) | |

*************************************

COMPLAINT
JURY TRIAL DEMANDED

I. *Introduction*

The complaint of DAVID COOK, a person of the age of majority and domiciled in the City of Gretna, Parish of Jefferson who respectfully represents:

II. *Jurisdiction*

Jurisdiction of this Court arises under 28 U.S.C. § 1331, the case being a federal question. This is a continuing civil tort action arising from a violation of Plaintiff's constitutional rights to equal protection and rights under the Constitution of the United States and under federal law. The case also involves violations by Defendants under Title 42 of the United States Code, Section 1983 – civil action for deprivation of rights under "color of law" (42 U.S.C. Section 1983). The action also arises under the Constitution and laws of Louisiana. Plaintiff additionally invokes the

pendent jurisdiction of this court to hear and decide claims arising under state law and law of the City of Kenner.  Plaintiff further represents that this action has been timely filed within the prescribed statute of limitations extension set forth in Executive Order No. JBE 2016-57 amending Executive Order No. JBE 2016-53 enacted by the Honorable Jon Bel Edwards, Governor of the State of Louisiana on August 17, 2016, which set forth that all deadlines in legal, administrative and regulatory proceedings were suspended throughout the State of Louisiana until Friday, September 9, 2016.

III.   *Parties*

1.      Plaintiff, DAVID COOK, is a person of the age of majority domiciled in Gretna, Louisiana.

2.      Defendant, CITY OF KENNER, is a municipality and/or political subdivision of the State of Louisiana; and at all times relevant herein was vicariously liable for the violations of its various employees in the Kenner Police Department and the Kenner City Attorney's Office.

3.      Defendant, KENNER POLICE DEPARTMENT, is a department and/or agency of the City of Kenner; and at all times relevant herein was vicariously liable for the violations of its various employees, namely:   Officer Immanuel Cohen.

4.      Defendant, KENNER CITY ATTORNEY'S OFFICE, is a department and/or agency of the City of Kenner, and at all times relevant herein was vicariously liable for the violations of its

2

various employees, namely:   Assistant City Attorney Christopher Weddle, and Assistant City Attorney Arthur Dupre, Jr.

5.      Defendant, IMMANUEL COHEN, is a person of the full age of majority and upon information and belief is a domicile of the Parish of Jefferson in the State of Louisiana, and at all times relevant herein was acting in his official capacity as a police officer with the Kenner Police Department.

6.      Defendant, CHRISTOPHER WEDDLE, is a person of the full age of majority and upon information and belief is domiciled in the Parish of Jefferson in the State of Louisiana, and at all times relevant herein was acting in his official capacity as an Assistant City Attorney with the Kenner City Attorney's Office.

7.      Defendant, ARTHUR DUPRE, JR., is a person of the full age of majority and upon information and belief is domiciled in the Parish of Jefferson in the State of Louisiana, and at all times relevant herein was acting in his official capacity as an Assistant City Attorney with the Kenner City Attorney's Office.

8.      Defendant, MAGISTRATE JUDGE BRUCE LIZANA, is a person of the full age of majority and upon information and belief is domiciled in the Parish of Jefferson in the State of Louisiana, and at all times relevant herein was acting in his official capacity as a Magistrate Judge for the City of Kenner.

IV.

On May 20, 2014, Plaintiff, David Cook (hereafter referred to as COOK), was appointed

special process server by the Honorable Sylvia Dunn, Louisiana Workers' Compensation Court,

District 07, in the matter entitled <u>Pauline Banks v. F. Wells Transporation</u>, Docket No. 14-02735.

Immediately after being appointed as a Special Process Server, Plaintiff drove to F. Wells

Transportation's place of business in Kenner, Louisiana to serve a Citation, Disputed Claim for

Compensation, Motion to Compel Medical Evaluation, Notice of Hearing, Order to Show Cause,

Protective Order and two Subpoena's directed to alternate spellings of the company owners name,

Felton Wells, and Felton Wells, Jr.

V.

COOK while acting as an OFFICER OF A STATE COURT, after being told that Felton Wells

was not available, served Inell S. Wells (hereafter WELLS) with the documents, since she was present

in the Wells Transportation business office and was wearing a company uniform shirt and appeared to

be an employee of the business.   Wells refused to identify herself and indicated that she would not

sign for the documents.   COOK served the papers by putting them on a nearby desk in the office, and

telling her of their significance.

VI.

Wells then picked up the papers and without warning or provocation struck Plaintiff in the

chest and face as he was backing out of the office door.   Mr. Cook when struck in the chest reflexively

pushed the documents up and away from his face, throwing the documents over Well's right shoulder. Wells then violently pushed Mr. Cook in the chest causing him to fall backward and land against the porch railing.   Video surveillance footage under the control of F. Wells Transportation clearly shows that Inell S. Wells was the aggressor, and that her battery of Mr. Cook was without provocation or justification.

## VII.

Mr. Cook then got up and retreated over 100 feet across the lot to the street and to his vehicle. As he retreated, six people came out of the F. Wells Transportation office and five of them pursued Mr. Cook to his car parked on the public street.   As Plaintiff reached his vehicle and was attempting to open the door, he saw Wells and the four other individuals closing in on him within approximately 10-15 feet.   Since Mr. Cook had already been attacked, and having no other effective means of force against four people, and fearing great bodily harm and fear for his life, Mr. Cook drew his pistol and pointed it towards Wells and the other individuals to stop their advance, telling them to "get back and let me leave."   Mr. Cook holds a Concealed Carry Handgun Permit #: GP36065211 and was the legal and lawful owner of the pistol.   Only after Mr. Cook drew his weapon, did Wells and the four other individuals in pursuit of him stop their advance and allow him to enter his vehicle and drive away.

## VIII.

As Mr. Cook was turning his vehicle around on the dead end street and driving back down the street, he could hear Wells on the phone with a police operator.   He stopped his vehicle across

5

the street from the business entrance intending to await the arrival of the police.   At the same time, Mr. Cook telephoned the attorney who had requested the process service and notified him of the attack, when he advised the attorney that the attacker and four others were still in close proximity to his vehicle, the attorney advised him to leave for his safety and to proceed directly to the Kenner Police station to file a report and press charges against Wells.

IX.

Unbeknownst to Plaintiff, Inell Wells in her telephone conversation with the 911 operator made numerous false, and misleading statements regarding plaintiff's actions accusing him of brandishing a firearm without provocation and assaulting her as he served court documents.   She further failed to advise the 911 operator that she had attacked Mr. Cook.

X.

As Mr. Cook was driving to the police station he was pulled over by Kenner Police Officers, Immanuel Cohen, and several other officers with guns drawn and ordered to exit the vehicle.   He then was ordered to proceed to the rear of his car.   Plaintiff complied and was immediately arrested and read his Miranda rights by Officer Cohen.

XI.

Plaintiff was then transported to the Kenner Jail, booked, processed and charged with aggravated assault under Kenner Ordinance KE7-73.   Plaintiff was held for approximately five (5) hours and then released on a bond.   On or about July 22, 2014 plaintiff was arraigned before

6

Magistrate Judge Bruce Lizana.   During the hearing Judge Lizana and Assistant City Attorney

Christopher Weddle were shown for the first time the surveillance video from the F. Wells

Transportation office.   Further, the Judge and Assistant City Attorney were fully made aware that

Mr. Cook at the time of the incident was acting as an officer of the Louisiana Workers'

Compensation Court.   Judge Lizana after viewing the video remarked that it was obviously clear

that Mr. Cook was not the aggressor, which is when Mr. Weddle advised the court that the City of

Kenner was dropping the aggravated assault charge and reducing the charges to disturbing the

peace.   At that time, Judge Lizana commenced a probable cause hearing and concluded that the

incident took place on private property and there was no probable cause to support the charges.

Mr. Weddle then advised that court that the City of Kenner regardless was intent on proceeding

forward against Mr. Cook and would issue a new bill of information on the disturbing the peace

charge.   Judge Lizana then set a new arraignment date and scheduled a trial.

XII.

On March 24, 2015, trial was set to commence before Magistrate Judge Bruce Lizana.

When plaintiff and his counsel were called back to the conference room for pre-trial, Mrs. Wells

and one of the other individuals who threatened Mr. Cook were already present in the private

conference room with Judge Lizana, and Assistant City Attorney Mr. Weddle.   Judge Lizana then

commenced questioning Mrs. Wells and the other witness regarding the incident at the same time

in each other's presence regarding the incident.   Following Judge Lizana's questioning, the

7

parties were advised to await the start of trial in the courtroom.   At the beginning of the trial, Mr. Weddle on behalf of the City of Kenner advised that they were proceeding with both charges of aggravated assault and disturbing the peace.   The trial then commenced before Magistrate Judge Bruce Lizana.   During trial witnesses were sequestered, but the substance of their testimony had previously been provided in front of each other at the pre-trial conference.   Regardless of the "dry run" provided by Judge Lizana, the witnesses for the City still contradicted one another's testimony and demonstrated that Mrs. Wells was not truthful in her allegations against Mr. Cook.

XIII.

During trial, Judge Lizana further excluded Plaintiff's expert witness, Dr. Wade Schindler, who was expected to testify regarding the use of a weapon and the justification for plaintiff's action in self-defense, the Court cited that plaintiff failed to file a witness list.   Plaintiff's counsel objected citing that the Court had never issued any scheduling order or court order compelling a witness list in the court's rules.      Regardless of this ruling Judge Lizana allowed Plaintiff's other witnesses to testify even though they were not listed on a witness list either.   At the conclusion of trial, Judge Lizana in the face of the surveillance video and other compelling evidence found Mr. Cook guilty of aggravated assault and not guilty of disturbing the peace.   Plaintiff timely appealed the conviction to the 24th Judicial District Court for a de nova trial in the matter entitled State of Louisiana v. David Cook, Docket No. 15-01813, Division G.   The City of Kenner through its counsel, Arthur Dupre, Jr. despite full knowledge of the video and the serious inconsistencies and

falsehoods stated by Mrs. Wells moved forward intent on pursuing the aggravated assault charge against Mr. Cook.

XIV.

The 24th Judicial District Court proceedings moved forward but were continued several times, but finally the matter was set for trial.   However, on the day of trial, Mr. Dupre requested a continuance because the City's victim/witness, Mrs. Wells, needed to consult with an attorney prior to rendering testimony in the case because of possible self-incrimination.   The District Court granted the continuance and reset the matter for August 25, 2015.

XV.

On August 25, 2015, the parties appeared for trial; however, the City of Kenner's witnesses, including Mrs. Wells did not show despite being issued subpoenas for their appearance. The City of Kenner requested another continuance which the District Court denied.   The City of Kenner through Mr. Dupre only then requested that the case be dismissed.   The City of Kenner has not taken any further steps to pursue these charges against the Plaintiff since that date.

XVI.

<u>42 U.S.C. Section 1983 and State Law Violations Committed By The Defendants</u>

Plaintiff contends that the Defendants as set forth above and as specified to each defendant below have engaged in a series of acts and/or pattern of conduct which continuously harassed Plaintiff illegally and unnecessarily depriving the plaintiff of his civil rights under the U.S.

9

Constitution and Constitution of the State of Louisiana and the laws of Louisiana in the following particulars:

a.  Defendant, Immanuel Cohen, in his official capacity as a police officer for the Kenner Police Department violated the Plaintiff's civil rights including but not limited to equal protection under the 14th Amendment, arrest and seizure without probable cause under the 4th Amendment, when he arrested David Cook immediately after pulling him over in his vehicle without sufficient investigation, probable cause and/or reasonable grounds to arrest him.   Further the defendant violated his civil rights to protection against unlawful seizure and confiscation of David Cook's pistol thus violating his 2nd ,4[th]   and 14th Amendment rights.

b.  Defendants, Christopher Weddle and Arthur Dupre, Jr., individually and in their official capacity as Assistant City Attorney's on behalf of the City of Kenner and the Kenner City Attorney's Office violated the Plaintiff's civil rights including but not limited to equal protection and due process under the 14th Amendment, when they continued to pursue criminal charges against Mr. Cook which were clearly false and baseless.   Further these actions were especially egregious since the evidence known by the City Attorneys demonstrated that Mrs. Wells numerous statements were shown to be false and further evidence demonstrating that Mrs. Wells was the aggressor justifying a valid claim of self defense by Mr. Cook and that his actions taken were reasonable and lawful.

c.  Defendant, Magistrate Judge Bruce Lizana, individually in his capacity as a municipal magistrate judge for the City of Kenner violated plaintiff's civil rights including but not limited to equal protection and due process under the 14th Amendment of the U.S. Constitution and the Constitution of the State of Louisiana, when he purposely facilitated the malicious prosecution by the City of Kenner, further in his tainting of witness' testimony by improperly questioning the prosecution's witnesses together prior to trial, and further having ex-parte contact with the witnesses and the Assistant City Attorney at the pre-trial conference without the plaintiff or his counsel present.

d.  Defendants, City of Kenner and Kenner Police Department, are vicariously liable for the actions of its employees, Immanuel Cohen, Christopher Weddle and Arthur Dupre, Jr., which violated the Plaintiff's civil rights under the U.S. Constitution and the Constitution of the State of Louisiana, by their actions taken on behalf of the City of Kenner in the administration of their official duties as well as the laws of Louisiana that prohibit the tortious conduct which constituted malicious prosecution on the part of the Kenner City Attorney's Office.

## XVII.

Said actions by the City of Kenner and its agencies, employees and agents breached the Plaintiff's Constitutional rights to liberty, right to property, due process and right to equal protection under the 14th Amendment to the U.S. Constitution, and the Constitution of the State of

Louisiana.   These actions by the defendants individually were also a violation of 42 U.S. Section 1983 in that the defendants deprived the plaintiff of his civil rights under the "color of law."

XVIII.

Plaintiff is entitled to punitive damages/sanctions as well as compensatory damages and attorney's fees, costs, and judicial interest.   Plaintiff's claim for damages exceed $75,000.00, specifically in light of the City of Kenner's and the Magistrate Judge's personally and intentionally inflicting emotional distress.

XIX.. *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiffs demand trial by jury in this action.

Wherefore, Plaintiff, DAVID COOK prays that defendants, CITY OF KENNER, KENNER POLICE DEPARTMENT, IMMANUEL COHEN, KENNER CITY ATTORNEY'S OFFICE, CHRISTOPHER WEDDLE, ARTHUR DUPRE, JR. and MAGISTRATE JUDGE BRUCE LIZANA be duly served and cited to appear and answer the forgoing allegations after due proceedings be had, Plaintiff be granted judgment in his favor against the defendants, jointly and severally, for the full measure of Plaintiff's damages and other relief requested above as deemed appropriate on the factual circumstances and the law in addition to legal interest from date of judicial demand and all cost and expenses incurred, attorney's fees; and all other general and equitable relief as deemed necessary and proper by this Honorable Court.

12

Respectfully submitted,

 S/ Joseph G. Albe, Jr.
JOSEPH "Jay" G. ALBE, JR.
La. Bar # 32088
ALBE LAW FIRM, LLC
3300 Canal Street, Suite 100
New Orleans, Louisiana 70119
Telephone: (985) 718-1170
Facsimile: (985) 288-5013
Attorney for David Cook

PLEASE SERVE:

CITY OF KENNER
Through the Kenner City Attorney
Leigh Roussel
1801 Williams Blvd., Ste. 100
Building C
Kenner, Louisiana 70062

BRUCE LIZANA
At the Kenner Mayor's Court
1801 Williams Blvd.
Kenner, Louisiana 70062

KENNER POLICE DEPARTMENT
Through the Kenner City Attorney
Leigh Roussel
1801 Williams Blvd., Ste. 100
Building C
Kenner, Louisiana 70062

13

KENNER CITY ATTORNEY'S OFFICE
Through the Kenner City Attorney
Leigh Roussel
1801 Williams Blvd., Ste. 100
Building C
Kenner, Louisiana 70062

IMMANUEL COHEN
At the Kenner Police Department
500 Veterans Blvd.
Kenner, Louisiana 70062

CHRISTOPHER WEDDLE
At the Kenner City Attorney's Office
1801 Williams Blvd., Ste. 100
Building C
Kenner, Louisiana 70062

ARTHUR DUPRE,   JR.
At the Kenner City Attorney's Office
1801 Williams Blvd., Ste. 100
Building C
Kenner, Louisiana 70062

VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

DAVID COOK

Who says, after being duly sworn, that he has read the forgoing Complaint and that it appears true and correct to the best of his knowledge and belief.

S/   David Cook

_____
DAVID COOK

SWORN TO AND SUBSCRIBED before me this 9th day of September, 2016.

S/ Joseph G. Albe, Jr.

_____
Joseph G. Albe, Jr., Notary     #88646

15