UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DAVID COOK, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 16-14620 |
| CITY OF KENNER, ET AL., | SECTION: "E" |
| Defendants | |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendants.[1] The motion is opposed.[2] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

According to the Complaint, Plaintiff David Cook was appointed as a process server for Judge Sylvia Dunn in Workers' Compensation Court.[3] Upon attempting to serve Felton Wells of F. Wells Transportation in Kenner, the Plaintiff instead served Inell Wells at the same location.[4] While he was attempting to serve Ms. Wells, Plaintiff alleges Ms. Wells struck him in the chest and face.[5] Once Plaintiff returned to his vehicle, Ms. Wells and six others allegedly approached the Plaintiff, who withdrew his registered pistol and pointed it toward the individuals to stop their advance.[6] Ms. Wells called the Kenner Police, and the Plaintiff called the attorney who requested the service of process.[7] The attorney advised the Plaintiff to leave the scene for his safety and proceed to the Kenner

---

[1] R. Doc. 22.
[2] R. Doc. 23.
[3] R. Doc. 1 at 4.
[4] R. Doc. 1 at 4.
[5] R. Doc. 1 at 4.
[6] R. Doc. 1 at 5.
[7] R. Doc. 1 at 6.

1

Police station. On his way to the police station, the Plaintiff was stopped by Kenner Police and arrested.[8] He was held for five hours and released on bond.

On January 22, 2014, the Plaintiff was arraigned before Magistrate Judge Bruce Lizana, who reviewed the surveillance video of the incident and ordered a probable cause hearing for the charges of aggravated assault and disturbing the peace.[9] The Plaintiff alleges the judge found no probable cause, but the Assistant City Attorney issued a new bill of information on a disturbing the peace charge. On March 24, 2015, when trial was set to commence before Magistrate Judge Lizana, the Assistant City Attorney advised he was proceeding on both the aggravated assault and disturbing the peace charges. During trial, the Plaintiff alleges the City's witnesses contradicted each other, and Judge Lizana excluded Plaintiff's expert witness because Plaintiff did not file a witness list. According to the Plaintiff, however, his other witnesses were allowed to testify despite not being named on a witness list. Judge Lizana found the Plaintiff guilty of aggravated assault and not guilty of disturbing the peace. The Plaintiff appealed his conviction to the 24th Judicial District Court.[10]

According to the Plaintiff, 24th Judicial District Court proceedings were continued several times. On August 25, 2015, the day trial was set to commence, Ms. Wells—the alleged victim—did not appear despite being subpoenaed. After the judge denied the City's motion to continue the trial, the City voluntarily dismissed the case.[11]

The Plaintiff filed this action on September 9, 2016.[12] The Plaintiff brings claims against the arresting officer—Officer Immanuel Cohen—in his official capacity under 42

---

[8] R. Doc. 1 at 6.
[9] R. Doc. 1 at 7.
[10] R. Doc. 1 at 8.
[11] R. Doc. 1 at 9.
[12] R. Doc. 1. The Plaintiff originally named Magistrate Judge Bruce Lizana as a defendant, but subsequently voluntarily dismissed him from the lawsuit. R. Doc. 11.

U.S.C. § 1983 for violations of his Fourteenth and Fourth Amendment rights.[13] The Plaintiff also brings Section 1983 and state-law claims against the City of Kenner, Kenner Police Department, and Kenner City Attorney's Office for malicious prosecution and for *Monell* liability, alleging Kenner City Ordinance No. 7297 is unconstitutional and the implementation of the ordinance caused the Plaintiff's injuries.[14]

On November 1, 2016, the Defendants filed a motion to dismiss for failure to state a claim.[15] Upon the Court's order, the Plaintiff filed an amended complaint on December 2, 2016.[16] On December 23, 2016, the Defendants re-urged their motion to dismiss.[17]

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[18] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] However, the court does not accept as true legal conclusions or mere conclusory statements,[21] and "conclusory allegations or legal conclusions masquerading

---

[13] R. Doc. 21 at 9.
[14] *Id.* at 10–11.
[15] R. Doc. 12.
[16] R. Doc. 21. In his opposition to the Defendants' motion to dismiss, the Plaintiff conceded that his claims against Christopher Weddle and Arthur Dupre, Jr. should be dismissed because they are entitled to absolute prosecutorial immunity. R. Doc. 17. The Court dismissed with prejudice the Plaintiff's claims against Mr. Weddle and Mr. Dupre. R. Doc. 20 at 3.
[17] R. Doc. 22.
[18] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[20] *Id.*
[21] *Id.*

as factual conclusions will not suffice to prevent a motion to dismiss."[22] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[23]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[24] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[25] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[26]

## LAW AND ANALYSIS

Defendants Officer Immanuel Cohen, the City of Kenner, the Kenner Police Department, and the Kenner City Attorney's Office, seek dismissal of the Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).[27] The Defendants contend the Plaintiff's claims against them should be dismissed for the following reasons: (1) the Plaintiff's claim against Officer Cohen for false arrest is barred by the applicable statute of limitations; (2) the Plaintiff fails to state a claim for relief against Officer Cohen for malicious prosecution; (3) Officer Cohen is entitled to qualified immunity; (4) the Kenner Police Department and the Kenner City Attorney's Office are not entities capable of being sued and naming these entities is tantamount to naming the City of Kenner as a defendant; (6) the Plaintiff fails to state a claim for relief against the City of Kenner for malicious prosecution; and (7) the Plaintiff fails to state a claim for relief against the City

---

[22] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[23] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[24] *Twombly*, 550 U.S. at 555.
[25] *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).
[26] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[27] R. Doc. 22.

4

of Kenner for *Monell* liability based on the City of Kenner's ordinance on illegal carrying of weapons being the moving force behind his arrest and prosecution.[28] The Court will address each argument in turn.

I. **The Plaintiff's Claims Against Officer Cohen**

    a. *The Plaintiff's False Arrest Claim Against Officer Cohen has Prescribed*

Officer Cohen seeks to dismiss the Plaintiff's false arrest claim against him, arguing the claim has prescribed.[29] The Plaintiff concedes this point.[30]

Section 1983 claims are governed by the statute of limitations period for personal injury actions of the state in which the conduct occurred.[31] Louisiana Civil Code article 3492 provides that delictual actions are subject to a liberative prescription period of one year.[32] The statute of limitations on a Section 1983 claim seeking damages for false arrest, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process.[33]

The Plaintiff was arrested, and became detained pursuant to legal process, on May 20, 2014.[34] Therefore, the Plaintiff had until May 20, 2015 to file suit. The Plaintiff, however, did not file his complaint until September 9, 2016, well after the prescriptive period had run. Accordingly, the Plaintiff's claims against Officer Cohen for false arrest must be dismissed.

---

[28] *Id.*
[29] R. Doc. 22-1 at 6.
[30] R. Doc. 23 at 1.
[31] *Wilson v. Garcia*, 471 U.S. 261 (1985); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).
[32] LA. CIV. CODE art. 3492; *Elzy v. Robertson*, 868 F.2d 793, 794 (5th Cir. 1989).
[33] *Wallace v. Kato*, 549 U.S. 384 (2007). To the extent *Wallace* conflict with the Fifth Circuit's decision in *Brandley v. Keeshan*, 64 F.3d 196 (5th Cir. 1995) (holding a false arrest cause of action accrues when the criminal prosecution terminates in favor of the accused), *Wallace* abrogates *Brandley*. *Mapes v. Bishop*, 541 F.3d 582 (5th Cir. 2008).
[34] R. Doc. 1 at 4, ¶ IV.

> b. *The Plaintiff Fails to State a Claim for Malicious Prosecution Against Officer Cohen*

Officer Cohen argues Plaintiff fails to state a claim against him for malicious prosecution.[35] The Plaintiff alleges Officer Cohen is liable for the "implementation and enforcement of the unconstitutional ordinance, policy and custom" that "constituted the malicious prosecution on the part of the Kenner City Attorney's Office."[36] The Plaintiff alleges Officer Cohen arrested him, read him his *Miranda* rights, and transported him to the Kenner City Jail.[37] The Plaintiff makes no allegations that Officer Cohen was in any way involved in the decision to charge the Plaintiff or had any role in the Plaintiff's probable cause hearing or trial.

The Plaintiff offers no argument with respect to this issue, and presumably concedes that his claim for malicious prosecution against Officer Cohen should be dismissed.

The Plaintiff's conclusory allegations against Officer Cohen with respect to a claim for malicious prosecution are insufficient to survive a motion to dismiss.[38] Accordingly, the Plaintiff's claim against Officer Cohen for malicious prosecution must be dismissed.[39]

II. **The Plaintiff's Claims Against the Kenner Police Department and Kenner City Attorney's Office**

The Defendants contend the Plaintiff's claims against the Kenner Police Department and Kenner City Attorney's Office should be dismissed because neither the

---

[35] R. Doc. 22-1 at 8.
[36] R. Doc. 21 at 10.
[37] *Id.* at 2–3.
[38] *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988) (finding that in Section 1983 cases, "complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss").
[39] Because the Court has dismissed the Plaintiff's claims against Officer Cohen, it need not reach the issue of whether Officer Cohen is entitled to qualified immunity.

Kenner Police Department nor the Kenner City Attorney's Office are legal entities capable of being sued.[40]

Section 1983 claims may be asserted only against "persons" as the statute and case law define the term. The capacity of a non-corporate entity to sue or be sued is governed by the law of the state where the district court is located.[41] Accordingly, the Court will look to Louisiana law to determine whether the Kenner Police Department or Kenner City Attorney's Office are entities capable of suing or being sued. Under Louisiana law, to possess such capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership."[42] "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity."[43] In Louisiana, municipal police departments are not legal entities capable of suing or being sued.[44] The Kenner City Police Department is not a "juridical person" under Louisiana law, and thus does not have the capacity to be sued. For the same reasons, the Kenner City Attorney's Office is not a juridical person as defined by Louisiana law, and is incapable of being sued.[45]

As a result, the Plaintiff's complaint, to the extent that it seeks relief from these two non-corporate governmental entities, states no facially plausible claim for relief. The proper defendant is the City of Kenner. The Plaintiff's claims against the Kenner Police Department and the Kenner City Attorney's Office must be dismissed.

---

[40] R. Doc. 22-1.
[41] FED. R. CIV. P. 17(b)(3).
[42] LA. CIV. CODE art. 24.
[43] *Dantzler v. Pope*, 2009 WL 959508, at *1 (E.D. La. 2009) (citing *City Council of Lafayette v. Bowen*, 649 So. 2d 611 (La. App. 3d Cir. 1994).
[44] *Neil v. Schlueter*, 2010 WL 497763, at *4 (E.D. La. 2010); *see also Martin v. Davis*, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) (citing LA. REV. STAT. ANN. § 33:361; *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 909 (E.D. La. 2001)); *Manley v. State*, No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001).
[45] At a status conference held in the Court's chambers on May 26, 2017, the Plaintiff conceded that neither the Kenner Police Department nor the Kenner City Attorney's Office are legal entities capable of being sued.

### III. **The Plaintiff's Claims Against the City of Kenner**

    a. *Vicarious Liability*

The City of Kenner argues the Plaintiff's Section 1983 claims against it based on a theory of respondeat superior must be dismissed.[46] It is well-established that a municipality or other local government cannot be vicariously liable under § 1983 for its employees' actions.[47] The Plaintiff concedes this point.[48] Accordingly, any claim against the City of Kenner based on the theory of respondeat superior must be dismissed.

    b. *Malicious Prosecution*

The City of Kenner argues the Plaintiff's Section 1983 claim against it for malicious prosecution must be dismissed, because an essential element of a Section 1983 malicious prosecution claim is that the termination of the underlying criminal proceeding must be in favor of the accused.[49] In his complaint, the Plaintiff alleges the City of Kenner dismissed the criminal charges against him because the City's key witness, Inell Wells, "did not show [at trial] despite being issued [a] subpoena[] for [her] appearance."[50]

The elements of a claim for malicious prosecution for the purposes of Section 1983 and the Plaintiff's state-law malicious prosecution claim are: (1) criminal action commenced against the plaintiff; (2) the prosecution was caused by the defendant or with its aid; (3) the action terminated in the plaintiff's favor; (4) the defendant acted without probable cause; (5) the defendant acted with malice; and (6) the criminal proceeding

---

[46] R. Doc. 22-1 at 14.
[47] *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Whitt v. Stephens Cty.*, 529 F.3d 278, 283 (5th Cir. 2008).
[48] R. Doc. 23 at 9.
[49] R. Doc. 22-1 at 14.
[50] R. Doc. 21 at 7, ¶ XV.

damaged the plaintiff.[51] The City of Kenner takes issue with the third element—whether the action terminated in the Plaintiff's favor.

The City of Kenner argues the Plaintiff's criminal proceeding was not terminated in his favor because a "procedural victory is not a bona fide termination," as it is "not indicative of innocence of the accused."[52] The Plaintiff, on the other hand, argues the dismissal of the City's charges against him resulted from a "complete collapse" of the City's case, and "an abandonment of prosecution, . . . [which] constituted a favorable termination."[53]

"The purpose of the bona fide termination favorable to the plaintiff requirement in malicious prosecution cases is to insure that the underlying litigation is brought to a conclusion on the merits before a malicious prosecution suit based on the underlying litigation is allowed to proceed."[54] When determining whether a criminal proceeding terminated in favor of a malicious prosecution plaintiff, courts look for "dispositions that tend to show that the court passed on the merits of the charge in such circumstances as to suggest the innocence or non-liability of the malicious prosecution plaintiff."[55] Dismissal of a criminal proceeding may constitute a favorable termination when the prosecutor formally abandons the proceeding.[56] For instance, dismissal of a criminal charge because of insufficient evidence has been found to be a favorable termination for

---

[51] *Hayter v. City of Mount Vernon*, 154 F.3d 269, 275 (5th Cir. 1998); *Lemoine v. Wolfe*, 168 So. 3d 362, 367 (La. 2015). The Fifth Circuit recognizes the Fourth Amendment constitutional tort of malicious prosecution. *See e.g., Evans v. Ball*, 168 F.3d 856, 862 (5th Cir. 1999).
[52] R. Doc. 22-1 at 14 (citing *Deville v. Marcentel*, 567 F.3d 156 (5th Cir. 2009)).
[53] R. Doc. 23 at 8.
[54] *Lemoine*, 168 So. 3d at 368 (internal quotations omitted).
[55] *Id.*
[56] *Id.* at 370; *see also Walls v. State*, 670 So. 2d 382, 385 (La. Ct. App. 2 Cir. 1996) (a dismissal or abandonment of prosecution by the district attorney is considered a termination of the proceedings in favor of the petitioner for purposes of a claim for malicious prosecution).

9

the purposes of a malicious prosecution claim.[57] At least one Louisiana court has held that dismissal of a criminal prosecution because of a "victim no show" constitutes a termination in favor of a malicious prosecution plaintiff.[58]

On the other hand, there is no favorable termination if the abandonment of the case is for reasons not indicative of the innocence of the accused, such as when the dismissal "is the result of an agreement with the accused . . . , misconduct on the part of the accused for the purpose of preventing trial, mercy requested or accepted by the accused, the institution of new criminal proceedings, or the impossibility or impracticability of bringing the accused to trial."[59] Further, a merely procedural victory—such as when a case is dismissed on the ground of improper venue, prescription, or failure to allow discovery—does not constitute a favorable termination.[60] This is so because the dismissal of a criminal proceeding on technical or procedural grounds does not involve a determination of the dispute's merits.

The Louisiana Supreme Court has held dismissal of a criminal prosecution terminates in favor of a malicious prosecution plaintiff when "the circumstances surrounding the dismissal of the criminal proceeding support an inference that there existed a lack of reasonable grounds to pursue the criminal proceeding."[61] In this case, the criminal charges against the Plaintiff were dismissed because the alleged victim and other eyewitnesses did not appear at trial, despite having been issued subpoenas. According to the Plaintiff, the City of Kenner requested that the trial date be continued, but the district court judge denied the motion because the City had already sought

---

[57] *See, e.g.*, *Allen v. State*, 456 So. 2d 679, 681 (La. Ct. App. 5 Cir. 1984); *Harvey v. Bertaut*, 303 So. 2d 211, 212 (La. Ct. App. 4 Cir. 1974).
[58] *Amos v. Brown*, 828 So. 2d 138, 142 (La. Ct. App. 2 Cir. 2002).
[59] *Lemoine*, 168 So. 3d at 370 (citing RESTATEMENT (SECOND) OF TORTS §§ 659, 660, 661 (1977)).
[60] *Waste Mgmt. of La., LLC v. Parish of Jefferson*, 947 F. Supp. 2d 648, 657 (E.D. La. June 3, 2013).
[61] *Lemoine*, 168 So. 3d at 374.

multiple continuances.[62] The City of Kenner then requested the case against the Plaintiff be dismissed, and has not instituted further criminal proceedings against the Plaintiff stemming from this incident.[63]

Considering the circumstances of this case, the Court finds the dismissal of the Plaintiff's criminal case constitutes a favorable termination for the purposes of his malicious prosecution claim. The dismissal was not obtained as part of a bargained-for dismissal or due to a purely procedural reason. Instead, the case was dismissed because the City of Kenner was unable to present witnesses to prove its case against the Plaintiff. Accordingly, the City of Kenner's motion to dismiss Plaintiff's malicious prosecution claim is denied.

c. Monell *Liability – City of Kenner's Ordinance No. 7297*

A municipality may be liable under § 1983 if it "'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation."[64] To prevail on a § 1983 claim against a local government or municipality, a plaintiff must prove that action pursuant to official municipal policy caused his injury.[65]

An "official policy" for purposes of § 1983 includes the following: (1) "[a] policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority"; and (2) a persistent and widespread practice of city officials or employees, "which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly

---

[62] R. Doc. 21 at 7.
[63] R. Doc. 21 at 7.
[64] *Connick*, 563 U.S. at 60.
[65] *Id.*

11

represents municipal policy."[66] In addition to establishing a policy exists, a plaintiff is required to show the official policy is causally linked to the alleged constitutional violation.[67] Specifically, the policy must be the "moving force" behind the constitutional violation.[68] Finally, the official policy must reflect the municipality's deliberate indifference to the plaintiff's injury.[69]

In this case, the Plaintiff alleges the City of Kenner's Ordinance No. 7297 is unconstitutional, and was the "controlling force" behind the City's actions against him.[70] Ordinance No. 7297, entitled "Illegal carrying of weapons," states in pertinent part:

(a) Illegal carrying of weapons is:

> (1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person.[71]

The Plaintiff alleges Ordinance No. 7297 is unconstitutional on its face because it seeks to abridge the property rights granted to him by the State of Louisiana to carry a concealed weapon, and also violates the protections afforded to him under the Second Amendment of the United States Constitution.[72]

Assuming, without deciding, that Ordinance No. 7297 is unconstitutional, the Plaintiff would still have to show that the ordinance was the "moving force" behind the violation of his constitutional rights.[73] The Plaintiff alleges the City of Kenner is "liable for the implementation and enforcement of the unconstitutional ordinance, policy and

---

[66] *Brown v. Bryan Cty., OK*, 219 F.3d 450, 457 (5th Cir. 2000).
[67] *Lawson v. Dallas Cty.*, 286 F.3d 257, 263 (5th Cir. 2002) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–94 (1978)).
[68] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).
[69] *Lawson*, 286 F.3d at 263.
[70] R. Doc. 23 at 9.
[71] CITY OF KENNER, LA., CODE OF ORDINANCES No. 7297, Section 2 (1995).
[72] R. Doc. 21 at 8.
[73] *Piotrowski*, 237 F.3d at 578.

custom which deliberately was enacted [by the City of Kenner] and [was] enforced by the actions of its employees."[74] The Plaintiff further alleges the City of Kenner's actions "demonstrate the spirit and intent of the ordinance as evidenced by their relentless pursuit of criminal charges" against the Plaintiff.[75] The Plaintiff, however, fails to allege any facts to suggest that Ordinance No. 7297 played any role in his arrest or prosecution. Indeed, the Plaintiff admits the City of Kenner "did not specifically criminally charge the plaintiff" under Ordinance No. 7297.[76] The Plaintiff was charged only with aggravated assault and disturbing the peace.[77] There exist no allegations that Ordinance No. 7297 was the "moving force" behind any of the City of Kenner's actions against the Plaintiff. As a result, the Plaintiff fails to show that there is a direct causal link between the City of Kenner's official policy and any alleged constitutional violation. Accordingly, the Plaintiff fails to state a claim against the City of Kenner for *Monell* liability.

## CONCLUSION

**IT IS ORDERED** that the Defendant's motion to dismiss[78] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Plaintiff's claims against Officer Immanuel Cohen for false arrest and malicious prosecution are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's claims against the Kenner Police Department and Kenner City Attorney's Office are **DISMISSED WITH PREJUDICE**.

---

[74] R. Doc. 21 at 10.
[75] R. Doc. 21 at 11.
[76] *Id.*
[77] R. Doc. 21 at 3, 6.
[78] R. Doc. 22.

13

**IT IS FURTHER ORDERED** that the Plaintiff's claims against the City of Kenner on the basis of vicarious liability are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff's claim against the City of Kenner on the basis of *Monell* liability is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 5th day of June, 2017.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**